# UNITED STATES DISTRICT COURT

### for the

### District of Columbia

In the Matter of the Search of           )

*(Briefly describe the property to be searched*   )
*or identify the person by name and address)*   )     Case No.  19-sc-1599

INFORMATION ASSOCIATED WITH ONE MICROSOFT   )
ONEDRIVE ACCOUNT STORED AT PREMISES CONTROLLED   )
BY MICROSOFT CORPORATION PURSUANT TO 18 U.S.C. 2703   )
FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 2252(a)(2)   )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A  incorporated herein and included as part of this Application for a Search Warrant.

located in the _____Western_____ District of _____Washington_____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B incorporated herein and included as part of the attached Affidavit.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography |

The application is based on these facts:

See Attached Affidavit in Support of Search Warrant.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's  signature*

Tonya Sturgill Griffith, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____07/31/2019_____

_____
*Judge's signature*

City and state:  Washington, D.C. _____

Deborah A. Robinson, United States Magistrate Judge
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )   Case No.   19-sc-1599 |
| INFORMATION ASSOCIATED WITH ONE MICROSOFT | ) |
| ONEDRIVE ACCOUNT STORED AT PREMISES CONTROLLED BY | ) |
| MICROSOFT CORPORATION PURSUANT TO 18 U.S.C. 2703 FOR | ) |
| INVESTIGATION OF VIOLATION OF 18 U.S.C. 2252a(a)(2) | ) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Western_____ District of _____Washington_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A  incorporated herein and included as part of the Application for a Search Warrant.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the Affidavit.

**YOU ARE COMMANDED** to execute this warrant on or before _____August 13, 2019_____ *(not to exceed 14 days)*
❏ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Deborah A. Robinson_____ .
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❏ for _____ days *(not to exceed 30)*   ❏ until, the facts justifying, the later specific date of _____ .

Date and time issued:   _____07/31/2019 at_____      _____
                                                                                          *Judge's signature*

City and state:   _____Washington, D.C._____      ___Deborah A. Robinson, United States Magistrate Judge___
                                                                                   *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>   19-sc-1599 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| Certification |
|---|

        I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

This warrant applies to information and content which is associated the Microsoft OneDrive account, identified by the email address phb732@gmail.com (Subject Account) and which is stored at the premises owned, maintained, controlled, or operated by Microsoft Corporation, a company that accepts service of legal process at One Microsoft Way, Redmond, WA 98052 (hereinafter and in Attachment B "Provider" or "Microsoft").

## ATTACHMENT B

**Particular Things to be Seized and Procedures
to Facilitate Execution of the Warrant**

I.    **Information to be disclosed by Microsoft Corporation to facilitate execution of the warrant**

To the extent that the information described in Attachment A is within the possession, custody, or control of Microsoft Corporation, Microsoft is required to disclose the following information to the government for each account or identifier listed in Attachment A, for any available time period until the present date:

a.   The content of all data and related transactional records for the  Microsoft OneDrive account, as well as any other cloud storage, file sharing, or remote computing services, and associated services, used by the account or identifier listed in Attachment A,  including any information generated, modified, or stored by user(s) or Microsoft in connection with the Account (such as contacts, address books, conteant and buddy lists to include any and all contacts listed on the user;s contact list, calendar data, images, videos, notes, documents, bookmarks, profiles, device backups, and any other saved or stored electronic files and information);

b.   All records or other information regarding the identification of the account described in Attachment A above, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of services utilized, the IP address used to register the account, log-in IP address associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files

2

created by any party, and means and source of payment (including any credit or bank account number) provided by the subscriber to Microsoft;

c. All records pertaining to devices associated with the Account and software used to create and access the Account, including device serial numbers, instrument numbers, model types/numbers, International Mobile Equipment Identities ("IMEI"), Mobile Equipment Identifiers ("MEID"), Global Unique Identifiers ("GUID"), Electronic Serial Numbers ("ESN"), Android Device IDs, phone numbers, Media Access Control ("MAC") addresses, operating system information, browser information, mobile network information, information regarding cookies and similar technologies, and any other unique identifiers that would assist in identifying any such device(s)

d. Basic subscriber records and login history (including, as described in 18 U.S.C. § 2703(c)(2), names, addresses, records of session times and durations, length of service and types of service utilized, instrument numbers or other subscriber numbers or identities, and payment information) concerning any PROVIDER account (including both current and historical accounts) ever linked to the Account by a common e-mail address (such as a common recovery e-mail address), or a common telephone number, means of payment (*e.g.*, credit card number), registration or login IP addresses (during one-week period), registration or login cookies or similar technologies, or any other unique device or user identifier.

e. All records pertaining to communications between Microsoft and any person regarding the account, including contacts with support services and records of action taken.

3

Within 14 days of the issuance of this warrant, Microsoft Corporation shall deliver information and items set forth above, including all electronic information in its original electronic form, on any digital media device, via US Postal Service or another delivery service – notwithstanding 18 U.S.C. §§ 2251, 2252, and 2422, or similar statues or codes – to the FBI Northern Virginia Resident Agency, c/o SA Tonya Sturgill Griffith, at 9325 Discovery Blvd, Manassas, VA 20109.

## II.  INFORMATION TO BE SEIZED BY GOVERNMENT

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 18, United States Code, §§ 2252(a)(2) and 2252A in relation to the account associated with Peter Beler utilizing "phb732@gmail.com", including information pertaining to the following matters:

a.  Information that constitutes evidence of the identification or location of the user(s) of the Account;

b.  Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the Account about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

c.  Information that constitutes evidence indicating the Account user's state of mind, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation;

d.  Information that constitutes evidence concerning by whom, how and when the Account was created, accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the Account user;

e.  Records relating to Peter Beler utilizing the OneDrive account associated with email "phb732@gmail.com", including communications related to the possession, receipt, production or distribution of child pornography; or

f.  Evidence of the possession, receipt, production or distribution of child pornography

## III. Government procedures for warrant execution

The United States government will conduct a search of the information produced by Microsoft Corporation and determine which information is within the scope of the information to be seized specified in Section II.  That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from Microsoft Corporation that does not fall within the scope of Section II and will not further review the information absent an order of the Court.  Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by **Microsoft Corporation** ("PROVIDER"), and my title is _____.  I am a custodian of records for PROVIDER, and I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of PROVIDER. The attached records consist of:

_____

[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]

I further state that:

a.  all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of PROVIDER, and they were made by PROVIDER as a regular practice; and

b.  such records were generated by PROVIDER's electronic process or system that produces an accurate result, to wit:

1.  the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of PROVIDER in a manner to ensure that they are true duplicates of the original records; and

2.  the process or system is regularly verified by PROVIDER, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____
Date                                Signature

6

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH ONE MICROSOFT ONEDRIVE ACCOUNT STORED AT PREMISES CONTROLLED BY MICROSOFT CORPORATION PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 2252(a)(2) | SC. No.: 19-sc-1599 <br><br> **Filed Under Seal** |

*Reference: USAO Ref. #2019R01121; Subject Account(s): associated with phb732@gmail.com*

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Tonya Sturgill Griffith, being first duly sworn, herby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant for all information associated with one account, that is the Microsoft OneDrive account associated with the email address phb732@gmail.com, that is stored at premises owned, maintained, controlled or operated by Microsoft Corporation (hereinafter "Microsoft"), located at One Microsoft Way, Redmond, WA 98052.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require the Microsoft Corporation to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B, using the procedures described in Section III of Attachment B.

2.      I am a Special Agent with the Federal Bureau of Investigation and have been since February of 2002.  I am currently assigned to the Washington Field Office, Northern Virginia Resident Agency.  Since joining the FBI, I have investigated violations of federal law involving organized crime/drug trafficking organizations, extra-territorial criminal and counterterrorism violations, and I currently investigate federal violations concerning child pornography and the sexual exploitation of children.  I have gained experience through training and work related to conducting these types of investigations.

3.      As a federal agent, I am authorized to investigate violations of laws of the United States and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States.

4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies.  This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.      Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that violations of 18 U.S.C. 2252(a)(2), Distribution of Child Pornography, have been committed by Peter Beler (referred to hereinafter as BELER). There is also probable cause to search the information described in Attachment A for evidence of these crimes further described in Attachment B.

## STATUTORY AUTHORITY

6.    This investigation concerns alleged violations of 18 U.S.C. §2252(a)(2), relating to material involving the sexual exploitation of minors.  18 U.S.C. § 2252 prohibits a person from transporting, receiving, distributing or possessing in interstate or foreign commerce, or by using any facility or means of interstate or foreign commerce, any visual depiction of minors engaging in sexually explicit conduct (child pornography).

## JURISDICTION

7.    This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred withing Washington, D.C. *See* 18 U.S.C. § 3237

## PROBABLE CAUSE

8.    In March 2019, an Undercover Employee (UCE) used a law enforcement tool to review a list of Internet Protocol ("IP") addresses that (1) had been recorded as sharing suspected child pornography images or videos, identified by their unique SHA1 hash values, on a peer-to-peer ("P2P") file sharing network; and (2) were believed to resolve back to physical addresses located in the District of Columbia based on a commercial geolocation program utilized by the law enforcement tool.  An IP address is unique to a particular computer during an online session and makes it possible for data to be transferred directly between computers.

9.      The law enforcement tool indicated that the IP address 216.15.18.105 ("Subject IP Address") was used to share known child pornography images and/or videos and that the computer using that IP address was physically located in the District of Columbia. On March 5, 2019, a UCE used a P2P software client program to connect directly to the Subject IP Address, which had multiple files being shared on the P2P file sharing network.  The UCE initiated downloads from the Subject IP Address and partially or completely downloaded multiple files containing suspected child pornography stemming from the Subject IP Address.  Examples of the downloaded files are the following:

a.      The file identified as "12152648770144b.jpg" contains an image file that depicts a nude infant lying on her back.  An adult's penis is seen near the girl's genitals and what appears to be ejaculate is seen on the girl's torso and genitals.  This image is located in a subfile titled "Cum Babies".

b.      The file identified as "20050601082847r.jpg" contains an image file that depicts a nude adult woman lying on her back and holding a nude toddler girl over her face. The woman is licking the toddler's genitals.  This image is located in a subfile titled "Toddler PTHC extremely 0 – 10yo 2008".

c.      The file identified as "4yo_goddess05.jpg" contains an image file that depicts a toddler with an adult's penis in her mouth.  This image is located in a subfile titled "!!! NEW 616 babypics - mixed&sorted".

10.     Law enforcement queried the America Registry for Internet Numbers (ARIN), which manages the distribution of IP addresses for the United States, and determined that the Subject IP Address is associated with RCN, an Internet Service Provider.

11.     On or about April 2, 2019, pursuant to an administrative subpoena, RCN revealed that on the date and during the time of the downloads described above, the Subject IP Address was assigned to subscriber BELER for internet service provided to the service address of XXX New Hampshire Ave NW Apt XXXX, Washington, DC 20037 ("Subject Premises").

12.     On or about April 2, 2019, open source and law enforcement sensitive data base searches indicated BELER resided at the Subject Premises, and appeared to be the sole resident of the Subject Premises.

13.     On April 4, 2019, the General Manager for XXX New Hampshire Ave NW, Washington, DC, confirmed that BELER was listed as a resident of the Subject Premises.

14.     On April 17, 2019, a search warrant, issued by the District Court for the District of Columbia was executed at the Subject Premises.  Once the apartment was cleared, law enforcement observed that BELER currently has his computer hooked up to his television screen and was using his television as a monitor for the computer.  The computer was running a torrent program and the file names being downloaded and/or uploaded were clearly visible on the screen to law enforcement.  Multiple files name visible on the screen were indicative of child pornography, including files with such terms as "pedo" in the file name and names of child pornography series known to law enforcement.  After observing these files names, law enforcement did an initial manual search of the computer.  The search indicated that there were active torrent file uploads and downloads.  Moreover, an initial search of the desktop folder revealed more than 2000 files of suspected child pornography depicting pre-pubescent children.

15.     The search also revealed that the files were being backed up to a OneDrive cloud storage account associated with email address phb732@gmail.com (Subject Account).  An initial search of the Subject Account revealed thousands of additional images and videos of child pornography.

## DEFINITIONS/TECHNICAL TERMS

16.     Based on my training and experience, and information acquired from other law enforcement officials with technical expertise, I know the terms described below have the following meanings or characteristics:

a.      IP Address:  The Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination.  Most Internet service providers control a range of IP addresses.  Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

b.      The Internet is a global network of computers and other electronic devices that communicate with each other using numerous specified protocols.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

c.      "Encryption" is the process of encoding messages or information in such a way that eavesdroppers or hackers cannot read it but authorized parties can.  In an encryption scheme, the message or information, referred to as plaintext, is encrypted using an encryption algorithm, turning it into an unreadable ciphertext.  This is usually done with the use of an encryption key, which specifies how the message is to be encoded.  Any adversary that can see the ciphertext should not be able to determine anything about the original message.  An authorized party, however, is able to decode the ciphertext using a decryption algorithm that usually requires a secret decryption key, to which adversaries do not have access.

d.      "Cache" means the text, image, and graphic files sent to and temporarily stored by a user's computer from a website accessed by the user in order to allow the user speedier access to and interaction with that website.

e.      "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

f.      "Child Pornography" means the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the

production of which involves the use of a minor engaged in sexually explicit conduct.
*See* 18 U.S.C. §§ 2252 and 2256(2)(8).

g.      "Computer" means "an electronic, magnetic, optical, electrochemical, or
other high speed data processing device performing logical or storage functions, and
includes any data storage facility or communications facility directly related to or
operating in conjunction with such device."  *See* 18 U.S.C. § 1030(e)(1).

h.      "Computer hardware" means all equipment that can receive, capture,
collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic,
or similar computer impulses or data.  Computer hardware includes any data-processing
devices (including, but not limited to, central processing units, internal and peripheral
storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes,
and other memory storage devices); peripheral input/output devices (including, but not
limited to, keyboards, printers, video display monitors, modems, routers, scanners and
related communications devices such as cables and connections), as well as any devices,
mechanisms, or parts that can be used to restrict access to computer hardware (including,
but not limited to, physical keys and locks).

i.      "Computer passwords and data security devices" means information or
items designed to restrict access to or hide computer software, documentation, or data.
Data security devices may consist of hardware, software, or other programming code.  A
password (a string of alpha-numeric characters) usually operates a sort of digital key to
"unlock" particular data security devices.  Data security hardware may include encryption
devices, chips, and circuit boards.  Data security software of digital code may include
programming code that creates "test" keys or "hot" keys, which perform certain pre-set

8

security functions when touched.  Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the progress to restore it.

j.      "Computer software" means digital information which can be interpreted by a computer and any of its related components to direct the way they work.  Computer software is stored in electronic, magnetic, or other digital form.  It commonly includes programs to run operating systems, applications, and utilities.

k.      "Computer-related documentation" means written, recorded, printed, or electronically stored material which explains or illustrates how to configure or use computer hardware, computer software, or other related items.

l.      "Domain Name" means the common, easy-to-remember names associated with an Internet Protocol address.  For example, a domain name of "www.usdoj.gov" refers to the Internet Protocol address of 149.101.1.32.  Domain names are typically strings of alphanumeric characters, with each level delimited by a period.  Each level, read backwards – from right to left – further identifies parts of an organization. Examples of first-level, or top-level domains are typically .com for commercial organizations, .gov for the governmental organizations, .org for organizations, and, .edu for edOCEtional organizations.  Second-level names will further identify the organization, for example usdoj.gov further identifies the United States governmental agency to be the Department of Justice.  Additional levels may exist as needed until each machine is uniquely identifiable.  For example, www.usdoj.gov identifies the World Wide Web server located at the United States Department of Justice, which is part of the United States government.

9

m.      "Internet Connection" means a connection required for access to the Internet.  The connection would be provided by cable, DSL (Digital Subscriber Line) or satellite systems.

n.      "Internet Service Providers" or "ISPs" mean commercial organizations which provide individuals and businesses access to the Internet.  ISPs provide a range of functions for their customers, including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment. ISPs can offer various means by which to access the Internet including telephone based dial-up, broadband based access via a digital subscriber line (DSL) or cable television, dedicated circuits, or satellite based subscription.  ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth that the connection supports. Many ISPs assign each subscriber an account name such as a user name or screen name, an e-mail address, and an e-mail mailbox, and the subscriber typically creates a password for the account.  By using a computer equipped with a telephone or cable modem, the subscriber can establish communication with an ISP over a telephone line or through a cable system, and can access the Internet by using his or her account name and password.

o.      "Minor" means any person under the age of eighteen years.  *See* 18 U.S.C. § 2256(1).

p.      A "modem" translates signals for physical transmission to and from the Internet Service Provider, which then sends and receives the information to and from other computers connected to the Internet.

q.      A "router" often serves as a wireless access point and directs traffic between computers connected to a network (whether by wire or wirelessly).  A router connected to the Internet collects traffic bound for the Internet from its client machines and sends out requests on their behalf.  The router also distributes to the relevant client inbound traffic arriving from the Internet.  The router is in turn typically connected to a modem.

r.      "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any persons.  *See* 18 U.S.C. § 2256(2).

s.      "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image.  See 18 U.S.C. § 2256(5).

t.      "Website" consists of textual pages of information and associated graphic images.  The textual information is stored in a specific format known as Hyper-Text Mark-up Language (HTML) and is transmitted from web servers to various web clients via Hyper-Text Transport Protocol (HTTP).

u.      "Wireless network" as used herein means a system of wireless communications in which signals are sent and received via electromagnetic waves such as radio waves.  Each person wanting to connect to a wireless network needs a computer which has a wireless network card that operates on the same frequency.  Many wired networks base the security of the network on physical access control, trusting all the users

11

on the local network.  But, if wireless access points are connected to the network, anyone in proximity to the network can connect to it.  A wireless access point is equipment that connects to the modem and broadcasts a signal.  It is possible for an unknown user who has a computer with a wireless access card to access an unencrypted wireless network. Once connected to that network, the user can access any resources available on that network to include other computers or shared Internet connections.

v.      "Secure Hash Algorithm Version 1 hash value" (SHA 1 hash value) is an algorithm that processes digital files, resulting in a 160-bit value that is unique to that file.  It is computationally infeasible for two files with different content to have the same SHA 1 hash value.  By comparing the hash values of files, it can be concluded that two files that share the same hash value are identical with a precision that exceeds 99.9999 percent certainty.  There is no known instance of two different child pornographic images or videos having the same SHA1 hash value.

w.      "Peer to Peer file sharing" (P2P) is a method of communication available to Internet users through the use of special software, which may be downloaded from the Internet.  In general, P2P software allows a user to set up files on a computer to be shared with other computer users running compatible P2P software.  A user may obtain files by opening the P2P software on the user's computer and searching for files that are currently being shared on the network.  A P2P file transfer is assisted by reference to the IP addresses of computers on the network:  an IP address identifies the location of each P2P computer and makes it possible for data to be transferred between computers.   One aspect of P2P file sharing is that multiple files may be downloaded at the same time. Another aspect of P2P file sharing is that, when downloading a file, portions of that file

may come from multiple other users on the network.  However, a tool used by law enforcement restricts the download so that the file is downloaded, in whole or in part, from a single user on the network.

> 1.     When a user wishes to share a file, the user adds the file to his shared library files (either by downloading a file from another user or by copying any file into the shared directory), and the file's SHA 1 has value is recorded by the P2P software.  The hash value is independent of the file name; that is, any change in the name of the file will not change the hash value.
>
> 2.     Third party software is available to identify the IP address of a P2P computer that is sending a file.  Such software monitors and logs Internet and local network traffic.

## BACKGROUND CONCERNING MICROSOFT CORPORATION AND ONEDRIVE

17.     Microsoft Corporation is a provider of internet-based accounts and a variety of online services to the general public, including Microsoft OneDrive.

18.     Microsoft OneDrive  is a cloud storage service that allows users to store personal files in one place, share those files with others, and access those files from any device connected to the internet.  OneDrive was previously known as SkyDrive.

19.     Users of OneDrive do not need to have an email account provided by Microsoft in order to use Microsoft OneDrive.  Users can open a Microsoft OneDrive account with any email address through the process described below.

20.     Microsoft OneDrive allows users to upload files, photos and favorites on Microsoft servers, to cloud storage, and allows members to access them from any computer with an internet connection.  After uploading photos and/or files to OneDrive, users can share the photos and files that they create with others.  The user can send an email to other individuals inviting them to view the photos and files. The service allows the user to keep the files private, share with contacts, or make the files public.  Publically shared files do not require a Microsoft ID to access; the service offers five gigabytes of free personal storage.  Additional personal storage can be purchased by the user.

21.     In general, users obtain accounts by registering on a Microsoft Corporation website. During the registration process, Microsoft may collect personal information.  This information can include the customer's full name, physical address, telephone number and other identifiers, email addresses, and business information.  Microsoft may retain some or all of this personal information, and also retain records of the length of service (including state date) and types of services utilized.  In addition, for paying customers, Microsoft may likely retain information about the customer's means and source of payment for services (including any credit card or bank account number).

22.     Microsoft maintains server computers connected to the internet.  To upload files to OneDrive, users may place files and other data on the servers.  To do this, users connect from their own computers to the server computers across the Internet.  It is possible that user-generated content may be stored on the servers until deleted by the user, and may continue to be available even after being deleted by the user for a certain period of time.  Based on my training and experience, know that providers such as Microsoft also collect and maintain additional information about their users, including information about their user of provider services to

14

include the date of account creation, length of service, records of logs of these connections of users to the servers, showing the dates and times of the connection, the method of connecting and the Internet Protocol addresses ("IP addresses") of the remote users' computers.  Servers also commonly log the port number associated with the connection.  Port numbers assist computers in determining how to interpret incoming and outgoing data.

23.     Based on my training and experience, I know that providers such as Microsoft may also collect information relating to the devices used to access a subscriber's account – such as laptop or desktop computers, cell phones, and tablet computers.  Such devices can be identified in various ways.  For example, some identifiers are assigned to a device by the manufacturer and relate to the specific machine or "hardware," some identifiers are assigned by a telephone carrier concerning a particular user account for cellular data or voice services, and some identifiers are actually assigned by a provider in order to track what devices are using a provider's accounts and services.  Examples of these identifiers include unique application number, hardware model, operating system version, Global Unique Identifier ("GUID"), device serial number, mobile network information, telephone number, Media Access Control ("MAC") address, and International Mobile Equipment Identity ("IMEI").  Based on my training and experience, I know that such identifiers may constitute evidence of the crimes under investigation because they can be used (a) to find other provider accounts created or accessed by the same device and likely belonging to the same user, (b) to find other types of accounts linked to the same device and user, and (c) to determine whether a particular device recovered during course of the investigation was used to access the provider account

24.     Based on my training and experience, I know that subscribers can communicate directly with a provider such as Microsoft about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users.  Providers such as Microsoft typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

25.     In summary, based on my training and experience in this context, I believe that the computers of Microsoft are likely to contain user-generated content as well as provider generated information about its subscribers and their use of provider services and other online services.  In my training and experience, all of that information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.  In fact, even if subscribers provide provider with false information about their identities, that false information often nevertheless provides clues to their identities, locations, or illicit activities.

26.     As explained above, information stored in connection with a Microsoft OneDrive account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element of the offense, or, alternatively, to exclude the innocent from further suspicion.  From my training and experience, I know that the information stored in connection with a provider account can indicate who has used or controlled the account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a

residence.  For example, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time.  Further, information maintained by a provider can show how and when the account was accessed or used.  For example, providers such as Microsoft typically log the IP addresses from which users access the account along with the time and date.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the provider account access and use relating to the criminal activity under investigation.  This geographic and timeline information may tend to either inculpate or exculpate the person who controlled, used, and/or created the account.  Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (e.g., location information integrated into an image or video sent via e-mail). Finally, stored electronic data may provide relevant insight into the user's state of mind as it relates to the offense under investigation.  For example, information in the provider account may indicate its user's motive and intent to commit a crime or consciousness of guilt (e.g., deleting communications in an effort to conceal them from law enforcement).

27.     In order to accomplish the objective of the search warrant with a minimum of interference with the business activities of Microsoft, to protect the rights of the subject investigation and to effectively pursue this investigation, authority is sought to allow Microsoft to make a digital copy of the entire contents of the information subject to seizure specified in Attachment B.

## Information To Be Searched And Things To Be Seized

**28.**     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), (b)(1)(A) and (c)(1)(A), by using the warrant to require Microsoft to disclose to the government copies of the records and other information (including the content of communications) particularly described in Attachment B.

## CONCLUSION

29.     Based on the forgoing, I request the Court issue the proposed search warrant. Because the warrant will be served on Microsoft who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,

_____

Tonya Sturgill Griffith
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 31st day of July, 2019.

_____

UNITED STATES MAGISTRATE JUDGE

18